UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD SCOTT,

                    Plaintiff,

        v.

DAN DAVIS,

                    Defendant.

CASE NO. 3:26-cv-05536-JNW-DWC

ORDER DECLINING SERVICE AND
TO SHOW CAUSE

This 42 U.S.C § 1983 action has been referred to United States Magistrate Judge David W. Christel. Plaintiff Richard Scott, a civil detainee housed at the Special Commitment Center ("SCC") proceeding *pro se*, paid the filing fee and submitted a civil rights complaint on May 22, 2026. Dkt. 1. Plaintiff names Dan Davis as the sole defendant in this action and "claims a court access violation" related to the legal mail schedule at SCC. *Id.*

Upon review, the Court finds Plaintiff has failed to state a claim upon which relief may be granted against Defendant Davis. Plaintiff is therefore ordered to show cause not later than **July 27, 2026,** why his complaint should not be dismissed for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

ORDER DECLINING SERVICE AND TO SHOW
CAUSE - 1

### I.      SCREENING STANDARD

Plaintiff has a long history of abusive litigation tactics and is the subject of case management orders in the Western District of Washington. Such orders do not apply in this case because Plaintiff has paid the full filing fee. *See docket.* However, the fact that Plaintiff has paid the filing fee does not preclude this Court from screening Plaintiff's Complaint to determine if this action should be permitted to proceed. The Ninth Circuit has explained that "[a] trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim" upon which relief may be granted. *Sparling v. Hoffman Construction Co. Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) (citation omitted) (abrogated on other grounds by *Smith v. Spizzirri*, 601 U.S. 472, 475 (2024)); *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (court may *sua sponte* invoke Fed. R. Civ. P. 12(b)(6) to dismiss a deficient complaint); *see also Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction, and may be dismissed *sua sponte* before service of process.") (internal citation omitted) (abrogated on other grounds by *Neitzke v. Williams*, 490 U.S. 319, 320 (1989)).

To state a viable claim for relief under 42 U.S.C. § 1983, Plaintiff must show he suffered a violation of rights protected by the Constitution or created by federal statute, and that the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff must provide more than conclusory allegations and must set forth specific, plausible facts to support a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–83 (2009).

### II.      DISCUSSION

Upon review, the Court concludes Plaintiff has failed to state a viable claim for relief against Defendants Davis. To begin, Plaintiff does not clearly identify the constitutional violation

ORDER DECLINING SERVICE AND TO SHOW
CAUSE - 2

on which he bases his claim. *See* Dkt. 1. However, because Plaintiff states he is claiming a "court access violation," the Court views the claim as Plaintiff attempting to bring a substantive due process claim regarding denial of court access under the Fourteenth Amendment.

Prisoners have a "fundamental constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). The right of access to the courts applies to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 cases. *Lewis v. Casey*, 518 U.S. 343 at 353 n. 3, 354–55 (1996). Even where the right applies, however, it is limited to a prisoner's ability to *access* courts and does not guarantee the ability to discover legal claims or effectively litigate one's claims in court. *See Lewis*, 518 U.S. at 354–55; *Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995) ("[W]e conclude the Supreme Court has clearly stated that the constitutional right of access requires a state to provide a law library or legal assistance only during the pleading stage of a habeas or civil rights action.").

In addition, a plaintiff must show some actual injury resulting from a denial of access in order to allege a constitutional violation. *See Lewis*, 518 U.S at 349. To satisfy the actual injury requirement, plaintiffs must show "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348; *Phillips v. Hurst*, 588 F.3d 652, 655 (9th Cir. 2009). "Failure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to [an access to courts] claim." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting *Lewis*, 518 U.S. at 353 & n.4).

Plaintiff's allegations do not satisfy the actual injury element of an access to courts claim or otherwise demonstrate a violation of his fundamental right to access courts. Plaintiff does not plausibly allege that an action taken by Defendant Davis prevented him from presenting any nonfrivolous legal claims or complying with filing deadlines in any ongoing proceedings covered by the right of access. Further, Plaintiff does not allege, in general or specific terms, that he has

ORDER DECLINING SERVICE AND TO SHOW
CAUSE - 3

been prevented from filing any pleading, motion, or other paper in any existing or contemplated legal action. Instead, Plaintiff's allegations concern the schedule for outgoing and incoming legal mail at SCC, which he believes should occur daily. *Id.* at 1–2.

Even assuming the legal mail schedule at SCC could interfere with Plaintiff's litigation activities, any allegation of interference without an accompanying injury are insufficient to show a violation of the right to access courts. *See Johannes v. Cnty. of Los Angeles*, No. CV 02-03197-SVW VBK, 2011 WL 6149253, at *8 (C.D. Cal. Apr. 8, 2011), *report and recommendation adopted*, 2011 WL 6149244 (C.D. Cal. Dec. 5, 2011), *aff'd*, 563 F. App'x 567 (9th Cir. 2014) (allegations of limited law library access without injury did not demonstrate violation of SVP detainee's right to access courts).

Moreover, even if Plaintiff had sufficiently alleged sufficient facts to demonstrate the injury element for an access to court claim, he fails to demonstrate Defendant Davis's personal participation in such an injury. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Instead, Plaintiff alleges only that Defendant Davis "promulgates and signs all SCC Policies." Dkt. 1 at 2. This lone reference to Defendant Davis's supervisory and policy-making position at SCC is insufficient to state a claim against him under § 1983. *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (explaining a supervisory official is liable under § 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." (quotation marks and citation omitted))

Thus, viewing the complaint in the light most favorable to Plaintiff, the undersigned concludes he has failed state a claim upon which relief may be granted against Defendant Davis.

ORDER DECLINING SERVICE AND TO SHOW
CAUSE - 4

### III.   CONCLUSION

Accordingly, Plaintiff is ordered to show cause why his complaint (Dkt. 1) should not be dismissed for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). If Plaintiff fails to respond to this order and adequately address the issues identified herein on or before **July 27, 2026**, the undersigned will recommend dismissal of this action.

Dated this 24th day of June, 2026.

David W. Christel
United States Magistrate Judge

ORDER DECLINING SERVICE AND TO SHOW
CAUSE - 5