UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD SCOTT,<br><br>Plaintiff,<br><br>v.<br><br>DAN DAVIS,<br><br>Defendant. | CASE NO. 3:26-cv-05536-JNW-DWC<br><br>ORDER ON MOTION TO RECUSE |

The District Court has referred this civil rights action filed under 42 U.S.C. § 1983 to United States Magistrate Judge David W. Christel. Plaintiff moves for the undersigned to recuse himself from this case. Dkt. 4 at 1–2. Upon review of Plaintiff's motion (Dkt. 4 at 1–2) and the relevant record, the undersigned declines to recuse himself and refers the motion to Chief Judge Estudillo in accordance with this court's local rules. *See* W.D. Wash. Local Rules, LCR 3(f).

## I. BACKGROUND

On June 24, 2026, the Court screened Plaintiff's complaint and concluded Plaintiff had not plausibly alleged the required elements of an access-to-courts claim or personal participation by Defendant Davis. Dkt. 3 at 2–4. The Court therefore directed Plaintiff to show cause why the

complaint should not be dismissed for failure to state a claim and granted Plaintiff leave to respond to the identified deficiencies. *Id*. at 5.

On July 13, 2026, Plaintiff filed a response to the Court's Order, Dkt. 4 at 3–4, and a motion to self-recuse, *Id.* at 1–2.

## II. LEGAL STANDARD

Pursuant to Local Civil Rule ("LCR") 3(f), whenever a motion to recuse is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "the challenged judge will review the motion papers and decide whether to recuse voluntarily."

A judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). A federal judge also shall disqualify himself in circumstances where he has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. *Id*. at §455(b)(1). 28 U.S.C. § 144 states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

28 U.S.C. § 144.

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992);

*United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

510 U.S. at 555.

## III. DISCUSSION

Plaintiff requests recusal and alleges the Court's Order demonstrates bias and prejudice. Dkt. 4 at 1–2. Plaintiff contends the Order misstates his complaint and improperly concludes he failed to state a claim. *Id.* Plaintiff further asserts the Court failed to address specific Ninth Circuit authority he finds relevant. *Id.*

Plaintiff's motion for recusal is substantively identical to his show cause response, demonstrating the sole basis for his request to recuse is his disagreement with the Court's screening analysis. *Compare* Dkt. 4 at 1–2, *with id*. at 3–4. Although Plaintiff disagrees with the Court's reasoning, mere disagreement with the Court's rulings does not establish bias or prejudice.

Further, the Court's rulings do not show a predisposition for dismissing this case. Rather, the Court screened Plaintiff's complaint for legal sufficiency, afforded the pleading liberal construction, identified substantive deficiencies, and provided Plaintiff an opportunity to respond. The undersigned makes rulings in each case based upon the issues presented by the parties or upon *sua sponte* review by the Court and has no personal bias or reason to be partial to one side or the other in this matter.

Plaintiff has not shown that a reasonable person with knowledge of the facts here would reasonably question the undersigned's impartiality. Accordingly, the undersigned will not recuse himself voluntarily from this case.

## IV. CONCLUSION

Based on the foregoing reasons, this Court finds there is no reasonable basis for a voluntary recusal in this matter. Therefore, the undersigned declines to recuse himself voluntarily. The Clerk is directed to refer Plaintiff's Motion (Dkt. 4 at 1–2) to Chief Judge Estudillo in accordance with LCR 3(f).

The Clerk is also directed to send a copy of this Order to Plaintiff, to the Honorable David G. Estudillo, and to the Honorable Jamal N. Whitehead.

Dated this 23rd day of July, 2026.

David W. Christel
United States Magistrate Judge