UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD SCOTT,

Plaintiff,

v.

DAN DAVIS,

Defendant.

CASE NO. 3:26-cv-05536-JNW-DWC

ORDER ON MOTION FOR RECUSAL (DKT. NO. 4)

This matter comes before the Court on United States Magistrate Judge David W. Christel's[1] denial (Dkt. No. 5) of Plaintiff's motion for his recusal (Dkt. No. 4). Local Civil Rule 3(f) provides that "whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455" and the "challenged judge decides not to voluntarily recuse" himself, he must "direct the clerk to refer the motion to the chief judge." Accordingly, this Court now reviews Judge Christel's decision not to recuse.

[1] This case was assigned to United States District Court Jamal N. Whitehead and referred to Judge Christel. (*See* Dkt. No. 2.)

Motions for recusal are governed by 28 U.S.C. §§ 144 and 455. Recusal is required if the judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see also Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry focused on the appearance of impartiality. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992). Recusal is also required in specific situations, including where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *Id*. Such bias or prejudice must derive from more than standard disagreements with court rulings. *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).

Plaintiff, who is proceeding pro se, first filed this lawsuit on May 22, 2026. (Dkt. No. 1.) He alleges that the Department of Corrections ("DOC") stopped mail service to and from the Special Commitment Center[2] ("SCC") on Mondays and Tuesdays, meaning legal mail is only delivered Thursday, Friday, and Monday. (*Id.* at 1–2.) Plaintiff alleges Defendant "promulgates and signs all SCC Policies[.]" (*Id.* at 2.) He seeks declaratory relief that requires Defendant to "see that legal mail is delivered to SCC daily and sent out daily and handed out the same day it arrives." (*Id.*)

On June 24, 2026, Judge Christel found Plaintiff's complaint failed to state a claim upon which relief could be granted and ordered Plaintiff to show cause why his complaint should not be dismissed. (Dkt. No. 3.) Plaintiff filed his motion to recuse alongside his response to the show cause order. (Dkt. No. 4.) He argues the show cause order "show[s] bias and prejudice

---

[2] According to the Washington Department of Social and Health Services, the SCC is a "total confinement facility on McNeil Island" in the Puget Sound and it provides "specialized mental health treatment for civilly committed sex offenders who have completed their prison sentences." WASH. STATE DEP'T OF SOC. & HEALTH SERVS., *Special Commitment Center*, https://www.dshs.wa.gov/bha/special-commitment-center (last visited July 27, 2026). The Court takes judicial notice of this fact because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

and totally misstates the complaint[.]" (*Id.* at 1.) Plaintiff argues Judge Christel is apparently unaware of Ninth Circuit cases in which "the court made it clear that in Due Process violations cases the proper defendants are the CEO/Superintends for failure to Act." (*Id.*)

On July 23, 2026, Judge Christel denied Plaintiff's motion to recuse. (Dkt. No. 5.) He noted that Plaintiff's disagreement with the Court's reasoning does not establish prejudice or bias, and further, that his rulings "do not show a predisposition for dismissing this case." (*Id.* at 3.) In sum, Judge Christel concluded that Plaintiff had not made a showing that a reasonable person with knowledge of the case would question his impartiality. (*Id.* at 4.)

This Court agrees with Judge Christel's determination that Plaintiff appears to disagree with the assessment of his complaint rather than showing bias or prejudice. Plaintiff does not explain what actions taken by Judge Christel show a lack of impartiality; instead, he merely concludes, without support, that Judge Christel was biased and did not understand legal precedent. (Dkt. No. 4 at 1.) But as noted, adverse rulings cannot serve as the basis for a recusal motion. *Studley*, 783 F.2d at 939; *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983) ("Adverse rulings do not constitute the requisite bias.").

Because Plaintiff provides no evidence that would lead a reasonable person to question Judge Christel's impartiality, Plaintiff's motion to recuse (Dkt. No. 4) is DENIED. The Court AFFIRMS Judge Christel's denial of Plaintiff's motion for recusal. (Dkt. No. 5.)

Dated this 27th day of July 2026.

David G. Estudillo
United States District Judge